Filed 7/12/23  P. v. Ward CA2/7

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B321275 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA047853) |
| v. | |
| EUGENE H. WARD, | |
| Defendant and Appellant. | |

APPEAL from postjudgment orders of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Salley Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Eugene H. Ward was convicted following a jury trial in 2006 on two counts of second degree murder and additional crimes arising out of Ward's operation of a vehicle while intoxicated and sentenced to an aggregate state prison term of 33 years to life.  We affirmed the judgment on appeal, specifically rejecting Ward's contention the evidence presented at trial was insufficient to prove he possessed the requisite mental state (implied malice) for second degree murder.  (*People v. Ward* (Aug. 26, 2008, B193719) [nonpub. opn.].)

Ward's first petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95)[1] was summarily denied in January 2019 on the ground Ward was convicted as the direct perpetrator of the two murders, not as an aider and abettor, and, therefore, was statutorily ineligible for relief.  Ward did not appeal that adverse ruling, seeking review only by writ petition, which this court denied.  Ward's second petition for resentencing was summarily denied in March 2022 based on the collateral estoppel effect of the January 2019 order denying his first petition.

On appeal Ward contends several procedural errors by the superior court when denying his first and second petitions require reversal and a remand for an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).  Because the record of conviction indisputably established that Ward was convicted of implied malice murder, none of the purported errors identified was prejudicial.  We affirm.

---

[1]     Statutory references are to the Penal Code unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Ward's Conviction for Second Degree Murder*

Ward was charged by information with two counts of second degree murder (Pen. Code, § 187, subd. (a)) (for victims Kevin Whitteker and Wallace Tauch); two counts of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)) (also for victims Whitteker and Tauch); one count of driving under the influence of alcohol and causing injury (Veh. Code, § 23153, subd. (a)) (for victim Ana Ayala); one count of driving with a blood alcohol level of .08 percent or higher and causing injury (Veh. Code, § 23153, subd. (b)) and one count of leaving the scene of an accident resulting in injury (Veh. Code, § 20001, subd. (a)).  The information specially alleged Ward had a blood alcohol level of .20 percent or higher (Veh. Code, former § 23578) and had caused bodily injury to a fourth victim.

The jury at Ward's trial was instructed that before it could find Ward guilty of gross vehicular manslaughter while intoxicated, the People had to prove "1. The defendant (drove under the influence of (an alcoholic beverage), or drove while having a blood alcohol level of 0.08 or higher; [¶] 2. While (driving that vehicle) either under the influence of (an alcoholic beverage) or while having a blood alcohol level of 0.08 or higher the defendant also committed (a) (misdemeanor/or infraction); [¶] 3. The defendant committed the (misdemeanor/or infraction) with gross negligence; [¶] AND [¶] 4. The defendant's grossly negligent conduct caused the death of another person."[2]

---

[2]     At the People's request we have augmented the record to include the jury instructions from Ward's 2006 trial, as well as Ward's initial petition for resentencing filed in December 2018 and the superior court's order denying that petition.

To find Ward committed second degree murder, the jury was instructed the People had to prove "1. The defendant committed an act that caused the death of (another person) [¶] AND [¶] 2. When the defendant acted, he had a state of mind called malice aforethought." The court also instructed on the definitions of express and implied malice, using CALCRIM No. 520, which included in the elements of implied malice that the defendant intentionally committed an act the natural consequences of which were dangerous to human life.

Ward's primary defense at trial was that a significant preexisting brain injury, combined with alcohol, negated the mental state required to convict him of second degree murder. He also challenged the special allegation his blood alcohol level at the time of the offenses was .20 or greater, arguing the People's expert could not be certain the alcohol level from his blood sample taken at the hospital at 5:12 a.m. was higher or lower than his blood alcohol level at 4:30 a.m. when he collided head-on with the vehicle driven by Whitteker (that is, whether his blood alcohol level at 5:12 a.m. was rising or falling).

The jury found Ward guilty on all counts. It also found true the special allegation that Ward's blood alcohol level at the time the offenses were committed was .20 percent or higher. Ward was sentenced to consecutive indeterminate 15-year-to-life terms for second degree murder. The sentences for his convictions for gross vehicular manslaughter while intoxicated involving the same two victims were stayed pursuant to section 654.

As discussed, on appeal we affirmed the judgment of conviction, rejecting Ward's contention the evidence was insufficient to prove he possessed the requisite mental state for second degree murder. (*People v. Ward, supra*, B193719.)

4

2. *Ward's Petitions for Rehearing*

On December 14, 2018 Ward, representing himself, filed a four-page typewritten petition for resentencing under former section 1170.95, apparently contending he was entitled to relief based on his convictions for gross vehicular manslaughter, which required a finding he had acted with gross negligence, and the language of the implied malice instruction, which included the requirement that he had committed an act the natural consequences of which were dangerous to human life. Ward did not request appointment of counsel. The superior court on January 3, 2019 summarily denied the petition after having "reviewed the entire court file," ruling "defendant was the principal, the perpetrator of the crimes, and NOT an aider & abettor as required by the bill. In addition, based on the charges the defendant was convicted under the theory of 'implied malice' and NOT the 'natural and probable cause [*sic*] doctrine.'"

Ward did not appeal from the denial of his petition. However, on February 25, 2019 he filed a petition for writ of habeas corpus in this court, contending the superior court had improperly denied his petition for resentencing. (*In re Ward*, B295849.) We denied the petition. Then on January 30, 2020 Ward filed a petition for writ of mandate in this court, again arguing the petition for resentencing had been improperly denied. (*Ward v. Superior Court*, B303900.) We denied the petition. Following a transfer from the Supreme Court, we denied a further petition for writ of mandate on May 13, 2020. (*Ward v. Superior Court*, B305795.)

On March 22, 2022 Ward filed a second petition for resentencing, this time using a printed form prepared for use after the January 1, 2022 effective date of the amendments to

5

former section 1170.95 made by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2). Ward checked boxes on the form to establish his eligibility for resentencing relief, including the boxes stating he had been convicted of murder following a trial and could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019.

The superior court on March 28, 2022 summarily denied the petition, ruling it was barred by collateral estoppel because Ward had "previously filed the same motion," which had been "litigated and denied."[3] Ward moved for reconsideration, contending collateral estoppel could not bar his petition because the law under which he was seeking relief "became effective on January 1, 2022"—apparently referring to Senate Bill No. 775's amendments to former section 1170.95. The court denied reconsideration, noting the recent changes to the law made by Senate Bill No. 775 "have no bearing on Petitioner's case or his motion."

A notice of appeal from the superior court's March 28, 2022 order denying the petition for resentencing was due by May 27, 2022. (Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days after the rendition of the order being appealed].) On May 30, 2022 Ward apparently signed a notice of appeal, which he mailed from Folsom State Prison (according to the postage meter on the envelope) on June 2, 2022. The notice

---

[3] In its order denying Ward's petition the court also stated, "The court is aware that whenever a petitioner provides the information mandated by Penal Code § 1170.95, the court is to appoint counsel and proceed with the litigation. However, in the instant case, as a matter of law, Petitioner is not entitled to relief due to the doctrine of collateral estoppel."

6

was received and filed by the superior court on June 6, 2022. The notice stated Ward was appealing from the order dated April 25, 2022 (the date of the order denying the motion for reconsideration) but also stated he was appealing the "1170.95 motion."

## DISCUSSION

1. *Accomplice Liability for Murder and Section 1172.6*

Under the ameliorative changes to the law relating to accomplice liability for murder effected by Senate Bill No. 1437 (Stats. 2018, ch. 1015), malice must be proved to convict a principal of murder except under the narrowed felony-murder rule set forth in section 189, subdivision (e), and may not be imputed based solely on an individual's participation in a crime (§ 188, subd. (a)(3)), thereby eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843; see *People v. Reyes* (June 29, 2023, S270723) __ Cal.5th __, __ [2023 Cal. Lexis 3568, p. *2]). The amended felony-murder provision requires the People to prove specific facts relating to the defendant's individual culpability: The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)). (See *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

Section 1172.6 authorizes an individual convicted of felony murder or murder based on the natural and probable

7

consequences doctrine or any other theory under which malice is imputed based solely on that person's participation in a crime to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of these changes to the law relating to accomplice liability for murder. (See *Strong, supra*, 13 Cal.5th at p. 708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile, supra*, 10 Cal.5th at p. 843.) As amended by Senate Bill No. 775, Senate Bill No. 1437's ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

If the petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1172.6, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1172.6, subd. (b)(3)), and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); see *Lewis, supra*, 11 Cal.5th at pp. 962-963.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would

be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Lewis*, at p. 971, internal quotation marks omitted.)

At the evidentiary hearing to determine whether the petitioner is entitled to relief, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) The court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law," including witness testimony. The petitioner and the prosecutor may also offer new or additional evidence. (*Ibid.*)

We review de novo whether the superior court conducted a proper prima facie inquiry under section 1172.6, subdivision (c). (*People v. Williams*, *supra*, 86 Cal.App.5th at p. 1251; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.) The superior court's decision to deny the petition after an evidentiary hearing, if the court correctly understood the elements of the offense and the proper standard and burden of proof were applied, is reviewed for substantial evidence. (*People v. Reyes*, *supra*, __ Cal.5th at p. ___ [2023 Cal. Lexis 3568 at p. *10]; *People v. Vargas* (2022) 84 Cal.App.5th 943, 951; *People v. Ramirez* (2021) 71 Cal.App.5th 970, 985; *People v. Hernandez* (2021) 60 Cal.App.5th 94, 113.)

9

2. *Ward Was Convicted of Vehicular Homicide as an Intoxicated Driver Acting with Implied Malice and Is Ineligible for Resentencing Relief as a Matter of Law*

The parties present a variety of procedural, as well as substantive, arguments for affirmance or reversal of the March 28, 2022 order denying Ward's second petition for resentencing. The People contend Ward appealed only the April 25, 2022 denial of his motion for reconsideration, which they assert is a nonappealable order, and point out that the June 6, 2022 notice of appeal would be untimely if we were to construe it as an appeal from the March 28, 2022 order. The People also argue the superior court properly denied Ward's March 22, 2022 petition as an impermissible successive petition—one that raised the identical issues as his December 14, 2018 petition without any intervening change in law, explaining, as the superior court found, that Senate Bill No. 775 did not modify the law under which Ward was found guilty of implied malice murder. Finally, they assert, any error in failing to appoint counsel for Ward in the superior court was necessarily harmless because counsel could not have avoided the application of collateral estoppel to bar Ward's second petition and, in any event, the record of conviction demonstrated Ward was ineligible for relief as a matter of law.

For his part, Ward contends, if counsel had been appointed, he would have filed a timely notice of appeal from the March 28, 2022 order denying the second petition and argues the second petition should not have been denied as successive given the significant evolution of the law from January 2019, when his initial petition was denied, to March 2022, when he filed his second petition, particularly the Supreme Court's 2021 decision in *Lewis*, *supra*, 11 Cal.5th 952, which held there was a very low

10

bar for making a prima facie showing of entitlement to relief. Ward additionally argues the jury's guilty verdicts on the two counts charging the murders of Whitteker and Tauch did not necessarily determine he was the perpetrator, as opposed to an aider and abettor, and the court's denial of his first petition required the weighing of evidence and impermissible factfinding at the prima facie stage of the section 1172.6 process.

As intriguing as some of the procedural issues might be, we need not address any of them to reject Ward's appeal. The jury's instructions and verdict—part of the record of conviction now included in the record on appeal—unquestionably established that Ward was neither tried nor convicted of second degree murder on a now-invalid theory of imputed malice or accomplice liability. There were no jury instructions concerning aider and abettor (accomplice) liability, nor was the jury instructed on the natural and probable consequences doctrine. To the contrary, the jury's guilty verdict on the two counts of gross vehicular manslaughter while intoxicated required it to find that Ward was the driver of the car that caused Whitteker's and Tauch's deaths. And the guilty verdicts on the two counts of second degree murder similarly required the jury to find Ward acted with implied malice when he committed the act that caused their deaths. (See *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004 ["Malice may be implied when a person willfully drives under the influence of alcohol. [Citation.] [¶] Roldan was therefore convicted under a theory of actual implied malice, not malice imputed under the natural and probable consequences doctrine, and thus failed to meet the threshold requirement of showing he was convicted under a natural and probable consequences theory"]; see also *People v. Carr* (2023) 90 Cal.App.5th 136, 139,

11

143 [*People v. Watson* (1981) 30 Cal.3d 290 "stands for the proposition that implied malice may be inferred from a defendant's conduct before, during, and after driving drunk—not imputed from the bare fact of driving drunk"; *Watson* requires that the defendant—the person who kills unintentionally while driving drunk—act with implied malice"].)

Contrary to Ward's arguments, no improper reliance on this court's factual summary in *People v. Ward, supra*, B193719, or impermissible factfinding at the prima facie stage was required to conclude Ward was ineligible for resentencing relief as a matter of law. Any procedural errors leading to the denial of Ward's first and second petitions were necessarily harmless. (See *Lewis, supra*, 11 Cal.5th at p. 974 ["a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing"'"].)

## DISPOSITION

The postjudgment orders denying Ward's petition for resentencing and motion for reconsideration are affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.          FEUER, J.

12